# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2932 | **DATE** | 11/28/2000 |
| **CASE TITLE** | LOCAL 743, etc. vs. MARSCO MFG., LLC, etc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐   Filed motion of [ use listing in "Motion" box above.]

(2)  ☐   Brief in support of motion due _____.

(3)  ☐   Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐   Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐   Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐   Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐   Trial[set for/re-set for] on _____ at _____.

(8)  ☐   [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐   This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
         ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■   [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: plaintiff's motion for summary judgment is granted in part as to the arbitrability issue only [8-1].  Defendant's motion for summary judgment is denied [10-1] and defendant's motion to strike stricken as moot [17-1].  Status hearing set for 12/13/00 at 9:30a.m.

(11) ■   [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | NOV 29 2000 | date docketed | | 26 |
| ✓ | Docketing to mail notices. | | 15 | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| TBK | courtroom deputy's initials | EO-7 FILED FOR DOCKETING 00 NOV 28  PH 3: 35 | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LOCAL 743, INTERNATIONAL     )
BROTHERHOOD OF TEAMSTERS,    )
                              )
        Plaintiff,       )
                              )     **Case No. 00 C 2932**
      vs.               )     **Judge Ronald Guzman**
                              )
MARSCO MANUFACTURING, LLC    )
of GREATER CHICAGO,         )
                              )
        Defendant.     )

DOCKETED

NOV 29 2000

## MEMORANDUM OPINION AND ORDER

Pending are the parties cross motions for summary judgment pursuant to Fed. R. Civ.

Proc. 56. For the reasons set forth below plaintiff's motion for summary judgment to compel

arbitration is granted. Defendant's motion for summary judgment is denied and Defendants'

motion to strike is stricken as moot.

## BACKGROUND FACTS

Marsco and Plaintiff Local 743 of the International Brotherhood of Teamsters, ("the

Union") are parties to a collective bargaining agreement ('CBA"). The CBA at Section 9

provides a grievance procedure. Section 9 provides as follows:

ADJUSTMENT OF GRIEVANCES

9.1    In order to provide an orderly method of handling and disposing of all disputes, misunderstandings, or grievances arising between the Company and the Union of the employees covered by this Agreement as to the meaning, interpretation, and application of the provisions of this Agreement, such differences shall be settled in the following manner, except for suspensions or discharges which shall be addressed by the Union representative and grievant at Step 2.

Step 1. The aggrieved employee, either alone or with the Shop Steward, shall first take up



the matter with the immediate supervisor. This must be done within five(5) working days after the event on which the grievance is based, or within five(5) working days after the employee should reasonably have known of said event, whichever is later. The immediate supervisor shall give his verbal answer, within five working days after the grievance was presented. Any settlement at this level shall be binding upon the Company, the Union and the aggrieved employee.

Step 2. If the matter is not settled at Step 1, the grievance shall be reduced to writing on a form provided by the union and filed with the Human Resource Director or other designated Company representative within five (5) working days after the Company's verbal answer. Either party may request a meeting to attempt to resolve the matter. The Company shall respond in writing to the grievance within five (5) working days after receipt of the grievance or after the meeting.

Step 3. If the matter is not resolved in Step 2 above, the Union may appeal the matter to step 3. Such appeal shall be in writing and submitted to the operations manger within ten working days following the receipt of the Company's Step 2 answer. The Company's written answer to the 3rd step shall be made within ten working days following receipt of the Union's appeal or, if a meeting is scheduled, within ten working days following the meeting.

Step 4. In the event the matter is not settled in the above step, either party may request that the matter be submitted to arbitration for final determination. In order to initiate this process, the party desiring arbitration must notify the other party of its desire to arbitrate within fifteen working days after receipt of the Company's Step 3 answer. The parties shall, within ten working days, following the request for arbitration endeavor to agree upon an arbitrator to hear and determine the issued involved. If the parties are unable to agree upon the selection of the arbitrator within such period, then the arbitrator shall be selected from a list of proposed arbitrators obtained from the Federal Mediation and Conciliation Service. The list shall contain an uneven number of proposed arbitrators and each party shall alternatively strike an equal number of names from the list and the one remaining shall be designated as the arbitrator. The decision of the Arbitrator shall be final and bindings on the Company, the Union, and the aggrieved employee.

Marsco employed Reyna Falcon ("Falcon") for approximately one month, from July 1999 until August 6, 1999. During this period Falcon was covered by the CBA. On or about July 30, 1999, Falcon was placed on suspension pending an investigation into allegations of theft. On August 4, 1999, a meeting was held on the premises of Marsco which was attended by Union

President Chester Glanton, employee Jose Zuniga, employee Reyna Falcon, Chief Union Steward Jose Tejeda ("Tejeda"), Local 743 Business Agent Clara Day ("Day"), Marsco Plant Manager Fred Fowler, and Marsco Human Resources Director Elizabeth Dickson ("Dickson"). At this meeting, representatives of Marsco discussed with representatives of the Union and with Falcon the conduct of Falcon on July 30, 1999, including the unauthorized possession of Company property in Falcon's locker. It is disputed, however, whether Falcon or anyone on Falcon's behalf submitted a grievance over Falcon's suspension to Marsco at any time prior to the August 4, 1999 meeting. The Union alleges that on July 30, 1999 the Union filed a grievance to protest Falcon's suspension from work. Marsco denies that a grievance was reduced to writing, and it is undisputed that it was never filed with the Human Resource Director as required by the CBA. The Grievance Report form sent by Union's counsel, while bearing what purported to be the signature of Chief Union Steward Tejeda, was not signed by Tejeda. Tejeda was never asked by Falcon, the Union or any other individual to file a grievance with Marsco relating to Falcon's July 30, 1999 suspension and/or her August 6, 1999 termination, nor did he ever file such a grievance. On August 6, 1999, Marsco terminated Falcon's employment.

On August 11, 1999, Day sent a letter to Dickson requesting arbitration over Falcon's termination. However, Day did not enclose the Local 743 Grievance Report relating to the suspensions and/or termination of Falcon with this letter. On September 30, 1999, Joel D'Alba, counsel for the Union, sent a letter to Dickson, stating, *inter alia*, that he represented the Union and requested certain information regarding Falcon's termination. On October 12, 1999, Dickson sent a letter to D'Alba, stating *inter alia*, that because neither the Union nor Falcon filed a written grievance over Falcon's termination as required by the CBA, the matter had been

dropped and canceled.

D'Alba responded by letter on October 13, 1999, stating, *inter alia*, that a grievance protesting Falcon's suspension was filed on July 30, 1999. In his letter, D'Alba enclosed a Grievance Report dated July 30, 1999, which stated, *inter alia*, "I was suspended for unjust cause." Neither Falcon nor the Union or its agent or attorneys presented a copy of the Grievance Report dated July 30, 1999 to the Company until October 13, 1999, after the Company informed D'Alba that because a written grievance had not been filed, the matter was not arbitrable.

On or about January 27, 2000, a representative of the union submitted a request for an arbitration panel to the Federal Mediation and Conciliation Service. On or about February 17, 2000, representatives of the union and the company received a list of arbitrators from the Federal Mediation and Conciliation Service. On or about March 17, 2000, the Federal Mediation and Conciliation Service was advised that the employer rejected the first panel of arbitrators and a second panel of arbitrators was requested.

On April 11, 2000, Marsco sent to the union a letter with an attachment consisting of the joint request to FMCS for a second panel of arbitrators. At that time Marsco's counsel advised that they would only agree to arbitrate the issue of arbitrability. On April 17, 2000, this joint request for a second panel of arbitrators was sent to FMCS. On or about April 17, 2000 counsel for the Union advised Marsco that it would not agree to limit the issue before the arbitrator to one of arbitrability only.

On or about April 5, 2000, the Federal Mediation and Conciliation Service submitted to the employer and union representative a second panel of arbitrators. On or about April 28, 2000, Counsel for the Marsco advised the union that it would only arbitrate the issue of arbitrability

and no other issue and that it would agree to select or strike arbitrators from the FMC's list provided that the "union agrees that the sole issue to be arbitrated in this case is the issue of arbitrability." The Union refused to agree to Marsco's condition for participating in the arbitration proceeding. On May 15, 2000, counsel for Marsco advised the union that the grievance filed on behalf of Falcon was not timely and that Marsco would only submit to the arbitrator the issue of arbitrability concerning the grievance.

## DISCUSSION

According to Rule 56(c) of the Federal Rules of Civil Procedure, a district court shall grant a party's motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *Weit v. Continental Illinois National Bank and Trust Co.,* 641 F. 2d 457, 461 (7th Cir. 1981), cert. denied, 455 U.S. 988, 102 S. Ct. 1610, 71 L. Ed. 2d 847 (1982).

In support of its motion to compel arbitration the Union argues that Section 9.1 contains no limitation in its design to resolve all disputes or misunderstandings arising between Marsco and the Union. Marsco contends, however, that the collective bargaining agreement expressly excludes from arbitration disputes over suspensions and discharges where the dispute was not reduced to writing and not filed with the Human Resources Director within five days in accordance with the specific language of the CBA. Marsco claims that where as here, express and specific contract provisions exclude particular disputes from arbitration, the specific contract

provisions govern over the general, and exclude the dispute from arbitration. *Local Union 1393 International Brotherhood of Electrical Workers, AFL-CIO v. Utilities District of Western Indiana Rural Electric Membership Cooperative,* 167 F. 3d 1181, 1185 (7th Cir. 1999).

This Court's role under section 301 is limited to determining whether Marsco breached the collective bargaining agreement by refusing to arbitrate. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83, 80 S. Ct. 1347, 1352-53, 4 L. Ed. 2d 1409 (1960). Arbitration is a creature of contract and the parties can only by required to arbitrate disputes which they agreed to submit to arbitration in a collective bargaining agreement. The law is settled that "where the parties have contracted to resolve their disputes by arbitration, a court asked to enforce that agreement should not weigh the merits of a claim that the agreement has been violated." *Emery Air Freight Corp. v. Local Union 295,* 786 F. 2d 93, 96 (2d. Cir. 1986). The Supreme Court has said that the function of the Court is "confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." *American Mfg.,* 363 U.S. at 568, 80 S. Ct. at 1346. In *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557. 84 S. Ct. 909, 11 L. Ed. 2d 899 (1964) the United States Supreme Court determined that the arguments advanced by the company against arbitration–that arbitration was precluded because the first two steps of the three-step grievance procedure had not been followed by the union and because the union failed to provide the company with timely notice of the grievance –were procedural questions for the arbitrator. *John Wiley,* 376 U.S. at 556-557, 84 S. Ct. 909. The Supreme Court warned that courts are not to delve into the procedural aspects of arbitration:

Once, it is determined...that the parties are obligated to submit the subject matter of a

dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

*John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964).

Moreover, the Court of Appeals for the Seventh Circuit has interpreted the Supreme Court's

decision in *John Wiley* even more restrictively. See *Niro v. Fearn Int'l. Inc.,* 827 F. 2d 173, 176

(7th Cir. 1987). *Niro* directs that once the threshold question of the arbitrability of the underlying

subject matter of a dispute is answered in the affirmative, all other questions, whether they are

characterized as procedural or substantive, are for the arbitrator to decide. *Id.* The Court of

Appeals explained the role of a court in analyzing arbitration agreements as follows:

> This court and others have heeded *John Wiley* and are slow to enter the thicket of deciding whether, under a particular...agreement reached by the private parties, an alleged violation of the agreement should be characterized as essentially "procedural" or "substantive." Federal courts face sufficiently daunting tasks trying to classify statutory requirements into procedural and substantive categories for purposes of diversity jurisdiction. The prospect of conducting similar analyses of private labor agreements counsels caution. We agree, therefore, that once it is determined that the underlying dispute concerns a subject matter covered by arbitration provisions, the court's only role is to order arbitration. The arbitrator should not determine the effect of any "procedural" shortcomings of either party.

*Id.*

As a preliminary matter, it must be noted that the parties have extensively briefed the

disputed fact of whether or not the Union filed a written grievance on Falcon's behalf. This

disputed issue is procedural in nature and is one which we cannot decide as a matter of law per

*John Wiley* and *Niro.* Rather, we simply must determine whether the dispute concerns a subject

matter covered by the arbitration provision of Section 9 and if it does compel Marsco to submit

to arbitration. The legal effect of the clause "except for suspensions and discharges" in section

9.1 raises an issue as to the subject matter covered by the arbitration process. Resolution of this

issue requires analysis of the language found in the Grievance Adjustment Procedure. Marsco's argument that this language summarily excludes all disputes over suspensions or discharges from the arbitration process must be resolved by the arbitrator. Whether this language can be construed to be an exclusive management rights clause as to all discharge and disciplinary matters as in *Local Union 1393 International Brotherhood of Electrical Workers AFL-CIO v. Utilities District of Western Indiana Rural Electric Membership Cooperative,* 167 F. 3d 1181 (7th Cir. 1999), must be decided by the arbitrators. Furthermore, Marsco's reliance on *Philadelphia Printing Pressman's Union No. 16, Aniline Division v. International Paper Company, Single Service Division,* 648 F. 2d 900 (3rd Cir. 1981) is weak at best. In *Philadelphia Printing* the appellate court affirmed the district court's decision precluding an order to compel arbitration because the union ignored the grievance procedure in its entirely by failing to reduce the grievance to writing as required by the collective bargaining agreement. The district court reasoned that the union's failure to follow the grievance procedures set out in the collective bargaining agreement impacts on the determination of whether the dispute is subject to arbitration, a matter which is within the province of the court not the arbitrator. *Id.* The Seventh Circuit Court of Appeals, however, specifically recognized in *Niro* that its holding was contrary to the holding in *Philadelphia Printing,* 827 F. 2d at 176 and *Niro* is the legal authority this court must follow. *Philadelphia Printing* also appears to ignore the distinction made by the Supreme Court in *John Wiley.* Moreover, the second case that Marsco relies upon, *United Steelworkers of America, AFL-CIO, and Jack Weir v. General American Transportation Corporation, and GATX Corp.,* No. 99-3825, 2000 U.S. App. LEXIS 22724 (6th Cir. Sept 5, 2000) *(per curium),* while certainly well reasoned determines procedural questions which *John Wiley* and *Niro* require left

to the arbitrator.

## **CONCLUSION**

Accordingly, for the foregoing reasons plaintiff's motion for summary judgment is granted in part as to the arbitrability issue only (#8-1). Defendants' motion for summary judgment is denied (#10-1) and Defendants' motion to strike stricken as moot (#17-1).

SO ORDERED  *11/28/00*          ENTERED:

*Ronald A. Guzman*

HON.  RONALD A. GUZMAN
United States Judge